Matter of Webber (2018 NY Slip Op 05180)





Matter of Webber


2018 NY Slip Op 05180


Decided on July 11, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOHN M. LEVENTHAL, JJ.


2017-13064

[*1]In the Matter of Daren Allen Webber, an attorney and counselor-at-law. (Attorney Registration No. 4128856)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 28, 2003. By order to show cause dated January 16, 2018, this Court directed the respondent to show cause why an order should or should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an opinion and order of the United States District Court for the Southern District of New York dated September 14, 2017.



Gary L. Casella, White Plains, NY (Anthony R. Wynne of counsel), for Grievance Committee for the Ninth Judicial District.
Daren Allen Webber, West Covina, California, respondent pro se.



PER CURIAM.


OPINION & ORDER
By opinion and order of the United States District Court for the Southern District of New York (hereinafter the District Court) dated September 14, 2017, the respondent was suspended from the practice of law before that court until further order of the court. On the basis of the record before the District Court, the respondent was found to have violated numerous New York Rules of Professional Conduct (22 NYCRR 1200.0), namely, rules 1.1(a) (a lawyer shall provide competent representation), 1.3(a) (a lawyer shall act with diligence), 1.3(b) (a lawyer shall not neglect a legal matter entrusted to him or her), 1.4(a) (1) through (4) (a lawyer shall keep his or her client informed about the client's matter), 3.4(c) (a lawyer shall not disregard a court ruling), 7.1(a), (e), and (f) (a lawyer shall not engage in false advertising), 8.4(a) (a lawyer shall not violate the Rules of Professional Conduct), and 8.4(d) (a lawyer shall not engage in conduct prejudicial to the administration of justice).
In a Statement of Charges dated March 3, 2017, the Committee on Grievances for the District Court charged the respondent with various misconduct. The charges for the most part concerned the respondent's representation as debtors' counsel in a number of bankruptcy cases before the United States Bankruptcy Court for the Southern District of New York. In short, the respondent exhibited gross incompetence and negligence in his handling of numerous bankruptcy matters.
In In re Greenberg (Case No. 14-35030), the respondent filed his clients' petition with missing information, failed to appear for a meeting of creditors, or communicate with his clients regarding his inability to attend, and failed to file a motion to dismiss on his clients' behalf after they decided that they no longer wished to proceed with their case. By order dated April 2, 2014, the respondent was ordered to disgorge all attorney's fees paid to him as sanctions for his conduct.
In In re Griffin (Case No. 14-35134), the respondent failed to file his clients' [*2]certificate of financial management with the Office of the Clerk of the United States Bankruptcy Court, Poughkeepsie, New York (hereinafter the Clerk's office). Despite numerous calls from both clients and the Clerk's office, all of which went unanswered, the clients were forced to file their own certificate. On July 1, 2014, the respondent was ordered to disgorge all attorney's fees paid to him in this matter as sanctions for his conduct.
In In re Flynn (Case No. 14-36496), the respondent improperly filed his client's chapter 13 petition by erroneously indicating that it was a joint petition when the petition was only for one debtor. In an effort to rectify the situation, the Clerk's office sought to contact the respondent on several occasions via both telephone and email. The respondent failed to respond. On September 16, 2014, Chief Judge Cecelia G. Morris entered an order revoking the respondent's electronic filing privileges for all petitions, papers, and pleadings in the United States Bankruptcy Court for the Southern District of New York.
In In re Greenberg (Case No. 15-36612-CGM), on October 8, 2015, Chief Judge Morris entered a second order revoking the respondent's electronic filing privileges for an additional year.
Following entry of the orders dated September 16, 2014, and October 8, 2015, respectively, the respondent filed the following cases in improper divisions of the Southern District of New York based on each of his clients' respective residencies: In re Pochette (Case No. 15-35096), In re Fuschetto (Case No. 15-36039), In re Amondi (Case No. 14-37412), In re Eleazard (Case No. 14-37413), In re Rutkowski (Case No. 15-35654), In re Picchiarello (Case No. 15-35655), and In re Greenberg (Case No. 15-36612).
In 2015, two of the respondent's cases, In re Haeshe (Case No. 15-35664) and In re Picchiarello (Case No. 15-35655), were selected randomly by the Office of the United States Trustee for a field audit to be conducted by an outside auditor. Despite numerous audit information requests, the respondent failed to provide the outside auditor with the requested documentation for his clients for over a month, and only did so after the Trustee's office made direct requests of the respondent. The respondent's failure to comply with the auditor's request risked having his clients' bankruptcy discharges denied.
In In re Sauro (Case No. 16-35017), the respondent failed to file the debtors' schedules and chapter 13 plan in advance of a creditors' meeting. On the date of the meeting, the respondent was 45 minutes late, and the meeting ultimately had to be adjourned because the Chapter 13 Trustee had not timely received the required information from respondent.
In In re Mills (Case No. 15-36788), the respondent provided the Chapter 7 Trustee with the required documents for his client's case less than 48 hours before the scheduled creditors' meeting was to take place despite having received notice from the Trustee over a month prior to the creditors' meeting of the need for respondent to produce those documents no less than seven days prior to the creditors' meeting.
In five other bankruptcy matters, the respondent filed documentation containing, inter alia, missing information. In yet another matter, the respondent failed to attend a loss mitigation conference for his client.
With regard to the charge that the respondent engaged in false advertising, the Statement of Charges alleged that the respondent maintained a website for his law practice at the address http://www.darenawebberesq.com which contained misrepresentations and omissions. For instance, the respondent placed the seal of New York University above his law school education, even though he attended and graduated from New York Law School, not New York University Law School. The respondent represented, inter alia, that he had successfully handled hundreds of debtors in need of financial relief, but omitted the disclaimer "prior results do not guarantee a similar outcome."
By order to show cause dated March 3, 2017, the District Court directed the respondent to show cause why discipline should not be imposed based on the Statement of Charges by filing a response by March 17, 2017. On March 16, 2017, the respondent requested additional time until March 31, 2017, to submit a response. The respondent then failed to respond by that date. As a consequence, the Committee on Grievances for the District Court found that the uncontroverted charges had been established by clear and convincing evidence, in addition to a violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.4(c) (a lawyer shall not disregard ruling of a tribunal made in the course of a proceeding) when he failed to respond to the order to show cause.
By opinion and order of the District Court dated September 14, 2017, the respondent [*3]was suspended from the practice of law before that court until further order of the court. The order further provided that any motion for reinstatement must include a response to the order dated March 3, 2017, and must also address the respondent's failure to respond in a timely manner to the order dated March 3, 2017.
By order to show cause dated January 16, 2018, this Court directed the respondent to show cause why discipline should or should not be imposed upon him pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the opinion and order of the District Court dated September 14, 2017, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Ninth Judicial District, on or before March 7, 2018.
The respondent filed a response, albeit late. As a consequence, he has requested leave to file a late response. The respondent has not raised any of the enumerated defenses set forth in 22 NYCRR 1240.13(b). His affirmation submitted in response to this Court's order to show cause consists of conclusory assertions of bias.
Based on the foregoing, we find that reciprocal discipline is warranted, and the respondent is suspended from the practice of law for an indefinite period based on the discipline taken against him by the District Court.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL, JJ., concur.
ORDERED that the respondent's application to file a late response is granted; and it is further,
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Daren Allen Webber, is suspended from the practice of law for an indefinite period, effective immediately, and continuing until further order of this Court. In any future application for reinstatement (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this original and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11; and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Daren Allen Webber, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Daren Allen Webber, shall desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Daren Allen Webber, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court